UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLANCA MARTINEZ, *et al.*,

   Plaintiffs,

     v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 04–1151 (CKK)

**MEMORANDUM OPINION**
(September 24, 2006)

     Presently before the Court are two Motions: [23] "Plaintiffs' Motion for Reconsideration of the Magistrate Judge's Denial of Their Motion to Compel Production of the First Investigative Report Prepared by the Police Department Regarding the Incident that Gave Rise to this Lawsuit" (hereinafter, "Motion for Reconsideration") and [26] "Defendant District of Columbia's and Officer Reaves' Motion for Partial Summary Judgment" (hereinafter "Motion for Partial Summary Judgment"). The Court will address each Motion in turn, granting Plaintiff's Motion for Reconsideration and Denying Without Prejudice Defendant's Motion for Partial Summary Judgment. The Court shall also dismiss, either with or without prejudice, Counts I, III (except with respect to Plaintiff Jorge Martinez), and part of Count IV of Plaintiffs' Complaint raised in Defendants' Motion for Partial Summary Judgment upon Plaintiffs' request.

Plaintiffs' Motion for Reconsideration

   *A.*   *Background*

     Plaintiffs initially filed a Motion to Compel Discovery and for Sanctions on June 3, 2005. The instant Court referred all discovery disputes in this case to Magistrate Judge Alan Kay on

June 6, 2006.  On August 16, 2005, Judge Kay denied without prejudice Plaintiffs' Motion to Compel "to allow Defendants 15 days to respond to Plaintiffs' discovery requests." *See dkt. entry* [17].

On October 21, 2005, Plaintiffs filed a Renewed Motion to Compel Discovery and for Sanctions.  In Plaintiffs' Renewed Motion, Plaintiffs made a number of assertions, including that Defendants allegedly failed to comply with initial disclosure provisions, that Defendants allegedly had not fully responded to written discovery requests, that Defendants allegedly had obstructed the discovery process by moving for a stay on the last day of the discovery period, that Defendants allegedly withheld information, and most importantly for the present purposes, that "[D]efendants ha[d] refused to produce the initial Force Investigation Team Report that was prepared in this case." Pls.' Renewed Mot. Compel at 1-2.  In Defendants' Opposition to Plaintiff's Renewed Motion to Compel, Defendants contested all of Plaintiffs' assertions.  Defs.' Opp'n to Pls.' Renewed Mot. Compel at 2-6.  With respect to Plaintiffs' claim that Defendants had inappropriately refused to produce the initial investigative report, Defendants argued that because they produced the Final Investigative Report, and because "Plaintiff knew as early as May 19, 2005, that defendants were asserting the deliberative process privilege as to the preliminary report," Defendants' submission of the Final Investigative Report was fully responsive to Plaintiffs' discovery requests. *Id*. at 5-6.  Defendants cite Defendants' Initial Disclosures, served May 19, 2005, in which Defendants listed the "MPD Force Investigation Team Preliminary Report" under "Documents Which May Be Relevant to Defenses," stating with respect thereto in the Initial Disclosure that "Defendants assert the deliberative process privilege as to the Preliminary Report Regarding the Use of Force, dated July 8, 2003."  No

explanation accompanied this statement, which was made in a document submitted by Defendants' counsel. Notably, Plaintiffs did not file a Reply.

On November 18, 2005, Magistrate Judge Kay issued a [22] Memorandum Order denying Plaintiffs' Renewed Motion to Compel. Magistrate Judge Kay held that "there is nothing in the record in this case to contradict Defendants' assertion that they have fully responded to Plaintiffs' discovery requests. Plaintiffs' argument that Defendants have acted in bad faith with the intent to obstruct discovery is merely a misplaced reiteration of their [first] Motion to Compel . . . ." [22] Mem. Order at 2-3. With respect to the initial investigative report, the Memorandum Order states that "Defendants rely on the deliberative process privilege [] which they asserted in their Initial Disclosure served on May 19, 2005 [] . . ." *Id.* at 3. Considering that "Plaintiffs . . . ma[de] no specific argument nor do they cite any case law warranting the production of a preliminary draft report . . . [and that] Plaintiffs did not reply to the opposition," "the Court finds that Defendants' withholding of the preliminary [draft] Force Investigation Report is warranted, particularly in light of the fact that the Final Investigative Report has been produced." *Id.*

Presently before the Court is Plaintiffs' [23] Motion for Reconsideration of Magistrate Judge Kay's Memorandum Order. Plaintiffs' Motion only seeks reconsideration of the Magistrate Judge's decision with respect to the initial investigative report. Pls.' Mot. Recons. at 1 ("Plaintiffs . . . move this Court . . . to reconsider the ruling of the Magistrate Judge denying plaintiffs' motion to compel production of the first investigative report prepared by the Metropolitan Police Department . . . ." Plaintiff argues that 1) the initial investigative report was not a draft, and "it is not clear what evidence of authority the Magistrate relied upon" to conclude that it was; 2) the fact that the Final Investigative Report was provided to Plaintiffs is irrelevant;

3

3) the District of Columbia failed to properly comply with the procedural requirements necessary to invoke the deliberative process privilege in the first place; and 4) the initial investigative report at issue is neither predecisional nor deliberative such that it does not actually meet the requirements of the privilege.  Pls.' Mot. Recons. at 4-6.  As such, Plaintiffs argue that the Magistrate Judge's Memorandum Order was clearly erroneous and contrary to law.  *Id.* at 6.

Defendants filed their Opposition on December 5, 2005.  Defendants simply state that "Defendants asserted the deliberative process privilege with respect to the preliminary Force Investigation Team ("FIT") report."  Defs.' Opp'n to Mot. Recons. at 3.  Defendants argue that the initial investigative report is predecisional because it was created prior to the final report.  *Id.*  Defendants further argue that they complied with the procedural requirements of properly invoking the deliberative process privilege because they 1) asserted the privilege "[s]ince defendants' initial disclosures [] were sent on May 19, 2005," and because 2) when Defendants filed a subsequently withdrawan Motion for a Protective Order, they provided a declaration of Marcus A. Westover, Captain in charge of the Force Investigation Team, asserting the *law enforcement privilege* with respect to the preliminary report, which he had reviewed, stating that it "'constitute[d] protected confidential communications between law enforcement officers and citizen witnesses concerning the course of a criminal investigation and the disclosure thereof would compromise the ability of this Department to obtain future cooperation from those entities and persons.'"  *Id.* at 5, Ex. 2 at 2-3.

Plaintiffs filed their Reply on December 12, 2005.  Plaintiffs noted that "it is quite odd that the defendants would seek to suggest that a motion for protective order which they filed and withdrew, and therein invoke the law enforcement privilege somehow satisfies the legal

requirements necessary to successfully invoked the deliberative process privilege." Pls.' Reply to Mot. Recons. at 4.  This Court is inclined to agree.

    B.    *Legal Standard*

This matter was referred to Magistrate Judge Kay under Local Civil Rule 72.2, which permits referral of certain matters to magistrate judges for determination.  *See* L. Civ. R. 72.2(a).  That Rule provides that "[a]ny party may request the judge to reconsider a magistrate judge's ruling under paragraph (a) by filing a motion to reconsider . . . ."  L. Civ. R. 72.2(b).  The Rule further provides that "[u]pon a motion for reconsideration or *sua sponte*, a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  L. Civ. R. 72.2(c).

    C.    *Discussion*

The deliberative process privilege "allows the government to withhold documents and other materials that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (internal quotation marks omitted).  The Parties agree that pursuant to *Hinckley v. United States*, 140 F.3d 277, 284 (D.C. Cir. 1998), a document must be both "predecisional" and "deliberative" in order for a party to appropriately invoke the deliberative process privilege.  Pls.' Mot. Recons. at 5.  Defs.' Opp'n to Mot. Recons. at 3.

> This court has identified two prerequisites to the assertion of the deliberative process privilege: In deciding whether material is protected under this privilege, we consider whether the material is "predecisional" and whether it is "deliberative." *See, e.g., American Federation of Government Employees, Local 2782 v. U.S. Dep't of Commerce,* 907 F.2d 203, 207 (D.C. Cir.1990); *Formaldehyde Institute v. Dep't of Health and*

> *Human Services,* 889 F.2d 1118, 1121 (D.C. Cir.1989); *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d 574, 585 (D.C. Cir.1987); *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 866 (D.C. Cir.1980). "A document [or information in another form] is 'predecisional' if it precedes, in temporal sequence, the 'decision' to which it relates. Accordingly, to approve exemption of a document as predecisional, a court must be able to pinpoint an agency decision or policy to which the document contributed." *Senate of the Commonwealth of Puerto Rico,* 823 F.2d at 585 (citation and internal quotation marks omitted); *see also Formaldehyde Institute,* 889 F.2d at 1122. . . . Communications are "deliberative" if they are "part of the agency give-and-take by which the decision itself is made. The agency must establish what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Senate of the Commonwealth of Puerto Rico,* 823 F.2d at 585-86.

*Hinckley*, 140 F.3d at 284. *See also In re Sealed*, 121 F.3d at 737; *Cobell v. Norton*, 213 F.R.D. 1, 4-5 (D.D.C. 2003).

However, the Court need not address the question of whether the initial investigative report at issue is a predecisional and deliberative document, as it is crystal clear that Defendants never properly invoked the deliberative process privilege in the first place. The Court notes as an initial matter that this is crystal clear only upon review of Plaintiffs' Motion for Reconsideration and the filings related thereto, as Plaintiffs never filed a Reply with respect to their Renewed Motion to Compel. Had Plaintiffs provided the full panoply of information to the Magistrate Judge, the Court stipulates that this entire round of briefing could have been avoided. Nonetheless, the Court finds that an examination of the filings now before the Court indicates that it would be legal error to deny Plaintiffs the initial investigative report they presently seek.

Plaintiffs and Defendants explicitly agree that the standard used to determine whether a party has properly invoked the deliberative process privilege is set forth in *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 924, 121 S. Ct. 298, 148 L. Ed. 2d 239 (2000); Pls.' Mot. Recons. at 5.; Defs.' Opp'n to Mot. Recons. at 4. As set forth in *Landry v.*

*F.D.I.C.*,

> (1) a formal claim of privilege by the "head of the department" having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege. *See . . . Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 399 (D.C.Cir.1984) ([noting the requirements for invoking the] deliberative process privilege).

*Landry*, 204 F.3d at 1135. *See also Fonville v. District of Columbia*, 230 F.R.D. 38, 43-44 (D.D.C. 2005); *Cobell v. Norton*, 213 F.R.D. at 7-8.

In the instant case, it is clear that Defendants have not fulfilled the aforementioned procedural requirements, which are "designed to ensure that the privileg[e] [is] presented in a deliberate, considered, and reasonably specific manner." *Landry*, 204 F.3d at 1135-36 (internal quotation and citation omitted). A formal claim of *deliberative process* privilege has never been made by a "head of the department" having control over the initial investigative report in question–Defendants cannot seriously propose that the *law enforcement* privilege invoked in an affidavit supporting Defendants' withdrawn Motion for a Protective Order satisfies this requirement. Nonetheless, the affidavit provided by Captain Westover provides no specification, detailed or otherwise, as to why the information contained within the initial investigative report falls within the scope of the *deliberative process privilege* as required pursuant to the procedural standard set forth in *Landry*. Furthermore, the mere conclusory statement in Defendants' Initial Disclosures, signed by Defendants' counsel, that "Defendants assert the deliberative process privilege as to the Preliminary Report," does not meet the three-step procedural requirement set forth in *Landry* either. *See Fonville*, 230 F.R.D. at 43-44 ("Defendant has not even come close to meeting any of these requirements and instead relies on mere conclusory statements that the

information is protected by the privileg[e]. On such a record, the court cannot sustain the claim of privilege.")

Finally, while Defendants state in their Opposition that "[P]laintiff[s] ha[ve] made no attempt to make any sufficient showing of the need to overcome this privilege," citing *Kay v. Pick*, 711 A.2d 1251, 1256 (D.C. 1998),[1] in stating that "[o]nce the privilege has been asserted, 'the burden shifts to the party seeking the documents and testimony to demonstrate a need for the materials and the lack of harm that would result from disclosure,'" it is clear to the Court that a consideration of burden-shifting at this stage is inappropriate in light of the fact that the deliberative process privilege was not properly asserted by Defendants in the first place. *See also Cobell*, 213 F.R.D. at 5 (stating that the burden shifts only "[o]nce the elements of the [deliberative process] privilege *have been met*." (emphasis added)). Because Defendants never properly invoked the deliberative process privilege with respect to the initial investigative report requested by Plaintiffs, the Court shall require that Defendants provide Plaintiffs with a copy of the initial investigative report.

Defendants' Motion for Partial Summary Judgment

In Defendants' Motion for Partial Summary Judgment, filed on December 21, 2005, Defendants' move for summary judgment with respect to the following Counts of Plaintiffs' Complaint: Count I ("Excessive Force/Police Brutality") with respect to all Plaintiffs; Count III ("Deprivation of Civil Rights, 42 U.S.C. § 1983") with respect to Blanca Martinez, Celso Martinez, and Carlos Hernandez; the "Negligent" Infliction of Emotional Distress component of

---

[1] The Court also notes that *Kay v. Pick* addresses the law enforcement privilege rather than the deliberative process privilege. *See Kay*, 711 A.2d at 1256.

Count IV with respect to all Plaintiffs; and Count V ("False Arrest/Imprisonment"), which applies only to Jorge Martinez, in its entirety.  Defs.' Mot. Part. Summ. Judg. at 1.  In Plaintiffs' Opposition, filed on January 6, 2006, Plaintiffs agree to voluntarily dismiss all of the aforementioned Counts and/or claims that form the basis of Defendants' Motion for Partial Summary Judgment with the exception of Count V.  Pls.' Opp'n Mem. at 1-2.  Furthermore, Plaintiffs indicate that they do not intend to serve Defendant Joseph Marion such that he should be dismissed without prejudice from the instant case.  *Id.* at 1.

Plaintiffs' Count V ("False Arrest-Imprisonment") is a highly fact-specific claim.  Since the Court has granted Plaintiffs' Motion for Reconsideration such that Defendants shall provide Plaintiffs with the initial investigative report they have requested, the Court shall DENY WITHOUT PREJUDICE Defendant's Motion with respect to this one remaining issue in the interest of judicial economy in the event that the discovery provided to Plaintiffs would have any impact on the Parties' briefings with respect to Count V.  Morever, in the event that a dispositive motion is re-submitted with respect to Count V, the Court would anticipate better legal briefing from both Parties with respect to this issue, such that they would include all applicable legal standards and the relevant case law for the Court to consider with respect to this claim.

<u>Conclusion</u>

Based on the aforementioned reasoning, the Court shall GRANT [23] Plaintiffs' Motion for Reconsideration, ordering Defendants to produce to Plaintiffs the requested initial investigative report by September 29, 2006.  The Court shall DISMISS Count I in its entirety per Plaintiffs' request as to all Plaintiffs.  The Court shall DISMISS Plaintiffs' Negligent Infliction of Emotional Distress claim in Count IV of Plaintiffs' Complaint per Plaintiffs' request as to all

Plaintiffs.  The Court shall DISMISS WITHOUT PREJUDICE Count III of Plaintiffs' Complaint in its entirety as to Plaintiffs Blanca Martinez, Celso Martinez, and Carlos Hernandez.  The Court shall DISMISS WITHOUT PREJUDICE all claims against Defendant Officer Joseph Marion, who Plaintiffs do not intend to serve in this case.  Finally, the Court shall DENY WITHOUT PREJUDICE [26] Defendant's Motion for Partial Summary Judgment with respect to the only claim briefed therein that still remains[2]–Plaintiffs' Count V ("False Arrest-Imprisonment") based on the any effect the Court's granting of the aforementioned Motion for Reconsideration may have on the briefing of this fact-specific claim and with the explicit instruction to the Parties to include the relevant legal provisions and case law in any future briefing of this claim.

Date:   September 24, 2006

                                                                       /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge

---

[2] To the best of the Court's understanding, the following portions of Plaintiffs' Complaint still stand: Count II ("Assault & Battery") (All Plaintiffs); Count III (42 U.S.C. § 1983) (Jorge Martinez only); Count IV (Intentional Infliction of Emotional Distress (All Plaintiffs); and Count V ("False Arrest-Imprisonment") (Jorge Martinez only).  If Plaintiffs intended to voluntarily dismiss any additional claims via their Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiffs should file a statement of voluntary dismissal with respect to such claims by October 6, 2006.