UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLANCA MARTINEZ, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 04–1151 (CKK) |

**MEMORANDUM OPINION**
(August 31, 2007)

At trial in this case, which commenced on April 30, 2007, Plaintiffs Blanca Martinez, Jorge Martinez, Celso Martinez, and Carlos Hernandez litigated claims of assault and battery (all Plaintiffs), intentional infliction of emotional distress (Jorge Martinez), false arrest (Jorge Martinez), and a violation of 42 U.S.C. § 1983 (Jorge Martinez) against Defendants, the District of Columbia and Metropolitan Police Department (MPD) Officer Darren Reaves. The jury returned a verdict in favor of Defendants. Presently before the Court is [68] Plaintiffs' Amended Motion for New Trial, filed on July 21, 2007.[1] An Opposition and Reply have been filed. After considering the aforementioned documents, the relevant statutes and case law, and the trial proceedings in this case, the Court shall DENY [68] Plaintiffs' Amended Motion for New Trial.

Plaintiffs' Amended Motion for New Trial was filed pursuant to Federal Rule of Civil Procedure 59. Rule 59(a) provides that "in an action in which there has been a trial by jury, [a

---

[1] As Judgment was entered in this case on May 7, 2007, Plaintiffs timely filed their original Motion for New Trial on May 23, 2007. On June 8, 2007, the Court ordered Plaintiffs to resubmit their Motion for New Trial with transcript references, which is the substance of the Amended Motion for New Trial presently before the Court.

new trial may be granted] for any of the reasons for which new trials have heretofore been granted in actions at law . . . ." Fed. R. Civ. P. 59(a). The disposition of such a motion is a matter entrusted to the sound discretion of the trial court. *Grogan v. Gen. Maint. Serv. Co.,* 763 F.2d 444, 448 (D.C. Cir. 1985). Relying upon this language, the Supreme Court has consistently held that a new trial may be appropriate "'if the verdict appears [to the judge] to be against the weight of the evidence.'" *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 540 (1958)) (alteration in *Gasperini*).

When assessing a motion for a new trial, "'the court should be mindful of the jury's special function in our legal system and hesitate to disturb its findings.'" *Nyman v. FDIC*, 967 F. Supp. 1562, 1569 (D.D.C. 1997) (quoting *Lewis v. Elliott*, 628 F. Supp. 512, 516 (D.D.C. 1986)). Accordingly, a district court should exercise its discretion "sparingly and cautiously," *Miller v. Pa. R.R. Co.*, 161 F. Supp. 633, 641 (D.D.C. 1958), and it should grant a new trial "'only where the court is *convinced* the jury verdict was a "seriously erroneous result" and where denial of the motion will result in a "clear miscarriage of justice."'" *Nyman*, 967 F. Supp. at 1569 (quoting *Sedgwick v. Giant Food, Inc.*, 110 F.R.D. 175, 176 (D.D.C. 1986)) (emphasis added). Importantly, the trial court

> is not supposed to supplant the jury's view with that of its own and order a new trial simply because the court would have weighed the evidence differently from the jury. Rather the court's discretion to order a new trial is limited to those situations where the verdict represents a miscarriage of justice.

*Machesney v. Larry Bruni, M.D., P.C.*, 905 F. Supp. 1122, 1130 (D.D.C. 1995) (citing *Frank v. Atl. Greyhound Corp.*, 172 F. Supp. 190, 191 (D.D.C. 1959)). "Generally, a new trial may only

be granted when a manifest error of law or fact is presented." *In re Lorazepam*, 467 F. Supp. 2d at 87.  "When the district court *denies* a motion for new trial, [the court of appeals'] scope of review is particularly narrow because the trial court's decision accords with the jury's." *Hutchinson v. Stuckey*, 952 F.2d 1418, 1420 (D.C. Cir. 1992).

Plaintiffs argue in their Amended Motion for New Trial that the testimony of Claudia Hernandez, Jorge Martinez, Blanca Martinez, Carlos Hernandez, and Celso Martinez proves that Plaintiffs were all beaten, struck, or thrown by MPD officers "without reason or provocation." Pls.' Am. Mot. for New Trial at 1-3, 4-5.[2]  In their Motion, Plaintiffs further argue that the evidence they presented depicting their injuries and regarding the medical treatment they received demonstrates Defendants' liability.  *Id.*

Interestingly, Plaintiffs state that "[a]lthough the defendant placed the testimony of three (3) MPD officers and defendant [MPD Officer] Reaves in the record of this proceeding, no witness acknowledged seeing Carlos Hernandez struck in the face, Blanca Martinez thrown from the porch or Celso Martinez being struck on the arm."  Pls.' Am. Mot. at 3.  Presumably, Plaintiffs mean that no witness other than Plaintiffs (and Claudia Hernandez) testified regarding such issues; if not, Plaintiffs would effectively be admitting that they failed to demonstrate causation for the injuries of Plaintiffs Carlos Hernandez, Blanca Martinez, and Celso Martinez. At the outset, the Court notes that Plaintiffs' Motion demonstrates a misunderstanding of

---

[2] Among other details, evidence was presented during trial that Defendant MPD Officer Reaves and MPD Officer Morton arrived at 628 Keefer Place, NW, the residence at which the events at issue in this case transpired, in response to a domestic violence 911 call, that a young, crying Hispanic female indicated to the officers that Plaintiff Jorge Martinez would not let her leave, and that Jorge Martinez was hostile and smelled of alcohol.  Evidence was also presented that Plaintiff Blanca Martinez physically attempted to interfere with the arrest of Jorge Martinez. *See* Defs.' Opp'n at 3 (citing transcripts).

3

Plaintiffs' burden of proof in a civil case. The jury instruction given by the Court, agreed to by Plaintiffs and Defendants, specifically instructed the jury that Plaintiffs carried the burden of proof as to all of Plaintiffs' Claims:

> The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his or her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.
>
> If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.
>
> The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.
>
> Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

Jury Instruction 2.08 (Blue Book).

Plaintiffs argue, for example, that Blanca Martinez presented evidence at trial demonstrating injuries, her version of how those injuries occurred, and the costs associated with those injuries. Plaintiffs claim that there was "no evidence presented by the defendants refuting the fact that the injuries were incurred, the manner in which they were incurred, nor the extent and nature of those injuries." Pls.' Am. Mot. at 4. However, the sum of Plaintiffs' evidence and Defendants' "failure" to provide contradictory evidence (even if the Court assumed this to be true) does not demonstrate that Plaintiffs proved that Blanca Martinez's injuries were

proximately caused by Defendants' improper actions.

At its core, Plaintiffs' Amended Motion for a New Trial fails because Plaintiffs have not demonstrated that the jury's verdict was against the weight of the evidence in light of the impeachment of all of Plaintiffs' fact witnesses during trial and conflicting or verifiably inaccurate[3] testimony offered by Plaintiffs themselves.[4]

With respect to Plaintiffs' credibility, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).[5] Jurors are "the sole triers of fact

---

[3] While Jorge Martinez testified that he was arrested on a Friday and kept in jail until the following Monday, the Court took judicial notice that the day of Jorge Martinez's arrest was a Monday. *See* Defs.' Opp'n at 10.

[4] While Defendants' witnesses testimony regarding the events that transpired certainly supported Defendants' position, it would not have been against the weight of the evidence for the jury to have found for the Defendants on all charges even if Defendants had not put a single witness on the stand, considering the many ways in which the Plaintiffs were impeached (or their credibility otherwise undermined) in this case. *See* Defs.' Opp'n at 6 ("Defendants could have failed to call a single witness or present any evidence, and they still could have won this case at trial. It was Plaintiffs' duty to convince the jury that their testimony was a true and accurate version of the events, and that they had been legally harmed. The fact that the Plaintiffs' alleged injuries were supposedly supported by medical bills is immaterial, as this does not go to causation or legal liability."). Accordingly, while Defendants certainly offered evidence in support of their version of the facts, set forth in Defendants' Opposition and unrefuted in Plaintiffs' Reply, this Opinion will focus on Plaintiffs' testimony.

[5] While Plaintiffs argue that *Reeves* "has no applicability here where we are addressing a motion for new trial as opposed to a motion for judgment as a matter of law," Pls.' Reply at 3, Plaintiffs are mistaken if they argue that credibility determinations have no bearing on a Rule 59 motion. *See Chadwick v. District of Columbia*, 56 F. Supp. 2d 69, 71 (D.D.C. 1999) ("The Court has no reason to question the judgment and credibility determinations of the jury, nor does it believe that 'a clear miscarriage of justice' would occur if this verdict were allowed to stand. The Court therefore also will deny defendant's motion for a new trial."). *See also Vander Zee v. Karabatsos*, 589 F.2d 723, 729 (D.C. Cir. 1978) ("The trial court's contrary view of the

and credibility." *Davis v. Alaska*, 415 U.S. 308, 318 (1974).  A jury could reasonably conclude that Plaintiffs' credibility was seriously undermined by the impeachment of each Plaintiff and Plaintiffs' witness, Claudia Hernandez, which is detailed in the Defendants' Opposition with reference to the transcripts and unrefuted by Plaintiffs in their Reply.  *See* Defs.' Opp'n at 8-12 (citing transcripts).  Morever, a number of material inconsistencies in Plaintiffs' recollections were apparent during trial.  For example, Jorge Martinez testified that Officer Reaves pushed Blanca Martinez off of the porch (though in his sworn deposition, he had stated that another officer had pushed Blanca Martinez), whereas Celso Martinez testified that Officer Morton threw Blanca Martinez off of the porch.  Tr. (5/1/07) at 30:24-25, 31:1-25, 32:1-22, 135: 23-24.  As another example, Celso Martinez ultimately testified that Carlos Hernandez was hit in the nose outside of the house, while Carlos Hernandez testified that he was struck on the nose inside of the house.  Tr. (5/2/07) at 16:5-9; Tr. (5/1/07) at 110:8-11.  As yet another example, Blanca Martinez testified that she never interfered with the arrest of Jorge Martinez, whereas Claudia Hernandez (when impeached with a prior statement) acknowledged that Blanca Martinez had tried to hold the police officers' arms.  Tr. (5/1/07) at 94:21-25; Tr. (4/30/07) at 25:24-25, 26:1-6.  The Court shall not detail the numerous inconsistencies and impeachments of Plaintiffs herein.

While Plaintiffs' Motion states that "it is clear that the decision of the jury was based on factors that had nothing to do with the facts or the evidence presented," that "the only evidence of record in this case is that Carlos Hernandez, Blanca Martinez and Celso Martinez were assaulted by members of the Metropolitan Police Department," and that "[t]he jury chose to ignore that uncontradicted evidence which led to a seriously erroneous result," it is clear to the Court that it

---

credibility of the witnesses does not justify the granting of a new trial.").

would not be against the weight of the evidence for the jury to conclude that Plaintiffs' testimony was incredible and that Defendants were not liable for any injuries suffered by Plaintiffs. Accordingly, based on the aforementioned reasoning, the Court shall DENY [68] Plaintiffs' Amended Motion for New Trial.  An Order accompanies this Memorandum Opinion.


Date:   August 31, 2007

                                                            /s/                                   
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge